UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN DOGBE and ALBERTA DOGBE,<br><br>Plaintiffs<br><br>v.<br><br>THE LAKES AT LEMMON VALLEY, LLC,<br><br>Defendant | Case No.: 3:24-cv-00283-CSD<br><br>**Order**<br><br>Re: ECF No. 5 |

Defendant The Lakes at Lemmon Valley, LLC has filed a motion to dismiss Plaintiffs' complaint. (ECF No. 5.) Plaintiffs John and Alberta Dogbe filed a response. (ECF No. 9.) Defendant filed a reply. (ECF No. 10.)

For the reasons set forth below, Defendant's motion is granted in part and denied in part. Insofar as the motion is granted, Plaintiffs are given leave to file a first amended complaint.

**I. BACKGROUND**

Plaintiffs filed a complaint alleging they are originally from the Republic of Ghana and identify as being part of the African race. In November 2022, they signed a one-year lease with Defendant for an apartment. Plaintiffs reserved Defendant's clubhouse for a party for them and their guests for July 1, 2023. There were approximately 25 people at the party, including Plaintiffs, and most were members of the African race. John Dogbe was barbecuing outside with some of the guests when an employee of Defendant approached him and told him that guests had to stay in the clubhouse, even though this had not been required previously. John was later told by this same employee that guests were not allowed in the patio area at all. Another employee approached John and said the party would need to be shut down because it was too large and too

loud. Plaintiffs disagree that the party was disturbing anyone. Plaintiffs nevertheless told their guests the party would need to cease and move to a new location. Plaintiffs claim that while their guests were on their way out, Defendant's employee yelled things like, "What are you still doing here?" and "Weren't you supposed to leave?" Alberta Dogbe claims that she asked the employee why she was treating them that way as they had been good tenants, but Alberta maintains she did not use any profanity while talking to Defendant's employees. Plaintiffs and their guests continued their party at someone else's home. Plaintiffs claim they had seen the same or similar amount of people doing the same or similar things at other gatherings at the clubhouse without incident.

On July 5, 2023, Plaintiffs received a "Five-Day Notice to Perform Lease Condition or Quit" from Defendant. The notice asserted there was a lack of sufficient management and crowd control at the party at the clubhouse and a failure to keep guests contained inside the reserved space that resulted in premature closure of the event. The notice further stated that following closure of the event, Defendant's staff were confronted and verbally assaulted by Alberta Dogbe and a guest of Plaintiffs. The notice provided that the violations were not curable, and Plaintiffs were required to vacate their apartment by July 17, 2023.

Plaintiffs dispute that Alberta or any guest had any violent or aggressive contact with any employee of Defendant after the party was broken up. Nevertheless, Plaintiffs complied with the notice and moved out of their apartment by July 10, 2023. The experience was so traumatizing that John Dogbe resigned from his job so Plaintiffs could move back to North Carolina.

Plaintiffs assert the following claims against the Lakes: violation of 42 U.S.C. §§ 1981 and 1982; violation of 42 U.S.C. §§ 3604(b) and 3617 of the Fair Housing Act (FHA); unlawful housing discrimination in violation of Nevada Revised Statutes (NRS) § 118.120; constructive

eviction in violation of NRS 118A.390; breach of contract; breach of the implied covenant of good faith and fair dealing; unjust enrichment; intentional infliction of emotional distress (IIED); and negligent infliction of emotional distress (NIED).

Defendant moves to dismiss Plaintiffs' complaint on the basis that it fails to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) contemplates the filing of a motion to dismiss for the failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). This does not apply, however, to "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Id*. at 679.

Under Federal Rule of Civil Procedure 8(a), "a claim for relief must contain...a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  The Supreme Court has found that at a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Iqbal*, 556 U.S. at 678.

3

The complaint need not contain detailed factual allegations, but it must contain more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678. It must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "Plausibility" is "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citation omitted). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). Allegations can be deemed "implausible" if there are "obvious alternative explanation[s]" for the facts alleged. *Id*. at 682.

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

///

## III. DISCUSSION

### A. Federal Claims

#### 1. 42 U.S.C. § 1981 and § 1982

"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens[.]" 42 U.S.C. § 1981.

"All citizens of the United States shall have the same right … as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." U.S.C. § 1982.

Sections 1981 and 1982 prohibit private as well as governmental action. *See Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 436 (1968); *General Bldg. Contractors Ass'n, Inc. v. Penn.*, 458 U.S. 375, 387 (1982).

A claim under section 1981 or 1982 must allege intentional discrimination on the basis of race. *General Bldg. Contractors Ass'n,* 458 U.S. at 389. That is to say, the plaintiff must allege facts plausibly suggesting that "race was a but-for cause of its injury." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 333, 336, 340-41 (2020) (rejecting the "motivating factor" test applied to Title VII and FHA claims, "typically at summary judgment, when the plaintiff relies on indirect proof of discrimination").

Here, Plaintiffs have not stated a claim for relief under section 1981 or 1982 because the complaint does not plausibly allege discrimination because of their race. Plaintiffs allege that they were told to cease their party because it was too large and too loud, though they dispute that the party was too loud or disturbing anyone. They further aver that an employee of Defendant

said things like, "What are you still doing here?" and "Weren't you asked to leave?" Plaintiffs claim they had witnessed the same or similar amount of people doing the same or similar things at the clubhouse without incident on other occasions. Plaintiffs dispute there was any violent or aggressive contact with any employee of Defendant after the party was broken up.

Plaintiffs allege they observed other parties of a similar nature occur without incident, but they do not allege that they were parties consisting of white persons or persons of a race other than Plaintiffs' race. While Plaintiffs allege their guests agreed that the party was broken up because of racial prejudice, Plaintiffs include no *facts* as to why their guests believed this to be the case. In sum, the complaint is devoid of facts leading to the conclusion that Plaintiffs were treated differently because of their race in violation of section 1981 or section 1982.

Therefore, Plaintiff's claims under sections 1981 and 1982 will be dismissed; however, Plaintiffs will be given an opportunity to amend.

**2. 42 U.S.C. § 3604(b) and § 3617**

Plaintiffs sue under two provisions of the FHA: 42 U.S.C. § 3604(b) and 42 U.S.C. § 36017. Under the FHA, "it is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601.

42 U.S.C. § 3604(b) makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race … or national origin," among other classifications. Section 3604(b) creates a "broad and inclusive compass" entitled to "generous construction." *McGary v. City of Portland*, 386 F.3d 1259, 1262 (9th Cir. 2004) (citation and quotation marks omitted).

Section 3604(b) prohibits both "intentional discrimination," where "an invidious discriminatory purpose [is the] motivating factor" behind the defendant's conduct, known as "disparate treatment" discrimination, as well as "disparate impact" discrimination, or conduct that "create[s] a discriminatory effect upon a protected class or perpetuate[s] housing segregation without any concomitant legitimate reason." *Ave. 6E Investments, LLC v. City of Yuma, Ariz.*, 818 F.3d 493, 502-04 (9th Cir. 2016) (citations omitted).

A disparate impact discrimination theory is cognizable when based on a public or private practice or policy, and it does not apply to complaints based on a defendant's alleged single decision. *See Texas Dept. of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 576 U.S. 519 (2015); *Gamble v. City of Escondido*, 104 F.3d 300, 306 (9th Cir. 1997). Plaintiffs do not appear to assert a disparate impact theory as they do not allege any policy or practice on the part of Defendant.

For disparate treatment cases of discrimination, the plaintiff may rely on direct or circumstantial evidence to prove that "the discriminatory purpose" was a "motivating factor" behind the conduct. *Ave. 6E Investments*, 818 F.3d at 504 (citations omitted). "[D]iscrimination against a member of a protected class in the interpretation and enforcement of HOA rules can violate § 3604(b) of the FHA." *Id*. (citing *Bloch v. Frischholz*, 587 F.3d 771, 779-81 (7th Cir. 2009) (en banc)).

While Plaintiffs need not plead a prima facie case of discrimination under *McDonnell Douglas'* burden shifting analysis, they must include facts sufficient to plausibly assert a claim for relief under section 3604(b) to satisfy *Iqbal* and *Twombly*. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), *Maduka v. Sunrise Hospital,* 375 F.3d 909 (9th Cir. 2004).

Like their claims under sections 1981 and 1982, Plaintiffs do not include sufficient factual allegations to plausibly allege discrimination based on their race or national origin based on either direct or circumstantial evidence. Plaintiffs' and their guests' pure speculation that Defendant's conduct was motivated by race is insufficient to state a plausible claim for relief.

To the extent Plaintiffs attempt to assert a hostile housing environment claim, the Ninth Circuit has recognized that "§ 3604(b) of the FHA prohibits the creation of a hostile housing environment based on" one of the protected categories. *Morris v. West Hayden Estates First Addition Homeowners Ass'n, Inc.*, 104 F.4th 1128, 1146 (9th Cir. 2024) (citation omitted). A plaintiff asserting such a claim must show he was subject to: (1) severe or pervasive harassment (2) that was based on a protected characteristic … and (3) that the defendant is responsible for the resulting hostile housing environment." *Id*. at 1147 (citation omitted).

Plaintiffs, however, do not include factual allegations to support a claim that they suffered severe or pervasive harassment based on their race. Instead, their claim is based on a single incident where they were required to cease a party and then were served a notice of eviction, none of which is factually tied to their race.

42 U.S.C. § 3617 makes it unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercise or enjoyed … any right granted or protected" by sections 3603-3606 of the FHA. "Section 3617 reach[es] all practices which have the effect of interfering with the exercise of rights under the federal fair housing laws." *Morris*, 104 F.4th at 1142 (citation and quotation marks omitted). A violation of this section "can involve a situation where no discriminatory housing practice may have occurred at all." *Id*. (citation and quotation marks omitted). By way of example: "if a landlord rents to a white tenant but then threatens to evict him upon learning that he is married to a black woman,

the landlord has plainly violated § 3617, whether he actually evicts the tenant or not." *Id*. (citation and quotation marks omitted). "At its core, the FHA guarantees tenants and homeowners a right to take and enjoy possession of a home free from discrimination based on a protected characteristic[.]" *Id.* at 1143 (citation omitted).

Plaintiffs do not plausibly allege that Defendant interfered with their right to enjoy their apartment free from racial discrimination. The allegations do not currently support the conclusion that Defendant took any action against Plaintiffs (such as serving the eviction notice) because of their race.

For these reasons, Plaintiffs' claims under the FHA will also be dismissed; however, Plaintiffs will be given leave to amend to attempt to state such claims in a first amended complaint.

**B. State Law Claims**

**1. NRS 118.120**

Plaintiffs allege that Defendant made the apartment unavailable to Plaintiffs on the basis of race, color and national origin. Plaintiffs reference both NRS 118.100 and NRS 118.120.

Nevada's fair housing law, set forth in Nevada Revised Statutes 118.010-118.120, mirrors the FHA. For the same reasons that Plaintiff fails to state a plausible claim for relief under the federal FHA, Plaintiff fails to state a colorable claim for relief under Nevada's fair housing law. However, Plaintiff will be given leave to amend to attempt to assert a claim under Nevada's fair housing law.

**2. NRS 118A.390**

Next, Plaintiffs assert a claim for constructive eviction under NRS 118A.390.

A tenant may recover, among other remedies, actual damages if a "landlord unlawfully removes the tenant from the premises or excludes the tenant by blocking or attempting to block the tenant's entry upon the premises, willfully interrupts or causes or permits the interruption of any essential item or service required by the rental agreement." NRS 118A.390(1).

Defendant argues that Plaintiffs did not file a verified complaint for expedited relief within five days under the statute. It appears that the filing of a verified complaint for expedited relief is required under subsection 4, if the tenant wishes to recover immediate possession of the premises. Since Plaintiffs moved out of the apartment and did not seek to recover immediate possession, this section does not appear to apply.

Nevertheless, for the reasons set forth above, Plaintiffs have not included sufficient factual allegations to plausibly support a claim for relief under NRS 118A.390 based unlawful removal from the apartment. Therefore, this claim will be dismissed, but Plaintiffs will be given leave to amend.

**3. Breach of Contract**

A claim for breach of contract must allege: "(1) the existence of a valid contract, (2) that the plaintiff performed, (3) that the defendant breached, and (4) that the breach caused the plaintiff damages." *Iliescu, Trustee of John Iliescu, Jr. and Sonnia Iliescu 1992 Family Trust v. Regional Transp. Comm. of Washoe County*, 522 P.3d 453, 458, 138 Nev. Adv. Op. 72 (Nev. App. 2022) (citations omitted).

Plaintiffs allege they entered into a valid lease with Defendant and paid their rent on time, and Defendant breached the lease by serving the notice and requiring Plaintiffs to vacate the apartment before expiration of their lease, and by retaining the rental payment and security deposit, and Plaintiffs suffered damages as a result of the breach.

Plaintiffs have adequately stated a claim for breach of contract. Even if they have not sufficiently alleged that their lease was terminated because of their race or national origin, Plaintiffs include allegations disputing Defendant's characterization of the party and events leading to the lease's improper termination. Therefore, Defendant's motion is denied as to this claim.

**4. Breach of the Implied Covenant of Good Faith and Fair Dealing**

"When one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith." *Hilton Hotels v. Butch Lewis Productions*, 808 P.2d 919, 923, 107 Nev. 226, 234 (1991).

Plaintiffs allege that Defendant breached the duty of good faith and fair dealing by performing in a manner unfaithful to the purpose of the lease, and as a result they suffered damage. Plaintiffs do not allege how, factually, Defendant performed in a manner unfaithful to the purpose of the lease so as to state a colorable claim for breach of the implied covenant of good faith and fair dealing. Therefore, this claim will be dismissed, but Plaintiffs will be given leave to amend.

**5. Unjust Enrichment**

Plaintiff alleges that Defendant received and retained benefits through Plaintiffs' justifiable reliance on the lease agreement because Plaintiffs paid their rent and deposit in good faith.

"An action based on a theory of unjust enrichment is not available when there is an express, written contract because no agreement can be implied when there is an express

agreement." *Leasepartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187, 113 Nev. 747, 755 (1997) (citation omitted).

Here, Plaintiffs specifically allege the existence of an express, written agreement that governs the relationship between the parties: the lease agreement. The existence of the lease agreement is undisputed. Therefore, a claim for unjust enrichment is not available and will be dismissed.

**6. IIED**

A claim for IIED requires the Plaintiff to plead: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation." *Dillard Dept. Stores, Inc. v. Beckwith*, 989 P.2d 882, 886, 115 Nev. 372, 378 (1999) (citation and quotation marks omitted).

Plaintiffs do not allege extreme and outrageous conduct to plausibly assert a claim for IIED. Plaintiffs allege they were asked to cease a party, and statements were made such as, "What are you still doing here? And "Weren't you supposed to leave?" and Plaintiffs were subsequently served with a notice to vacate based on Defendant's position that Plaintiffs did not comply with the rules for the party and Alberta Dogbe confronted and verbally assaulted Defendant's employees. As discussed above, there are no facts to support their conclusory statement that the conduct was because of Plaintiffs' race or national origin. The facts, as alleged, do not support a claim for IIED. Therefore, this claim will be dismissed, but Plaintiffs have leave to amend.

**7. NIED**

A plaintiff asserting a direct theory of NIED, as opposed to bystander NIED claim, must allege: (1) defendant owed a duty of care to plaintiff; (2) defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injuries; and (4) plaintiff suffered serious emotional distress. *Turner v. Mandalay Sports Entm't, LLC,* 180 P.3d 1172, 1175, 124 Nev. 213, 217 (2008); *Olivero v. Lowe*, 995 P.2d 1023, 116 Nev. 395 (Nev. 2000); *Shoen v. Amerco, Inc.*, 896 P.2d 469, 477, 111 Nev. 735, 748 (1995); *see also Doe v. Roman Catholic Bishop of Las Vegas and His Successors*, 526 P.3d 1109 (Nev. App. 2023) (*unpublished*) (plaintiff was required to bring a negligence claim and establish the elements of such a claim to recover for NIED).

Here, Plaintiff does not assert a claim for negligence so as to recover emotional distress damages. Therefore, this claim will be dismissed, but with leave to amend.

## IV. CONCLUSION

Defendant's motion to dismiss (ECF No. 5) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted as to the following claims: 42 U.S.C. § 1981 and § 1982; 42 U.S.C. § 3604(b) and § 3617; NRS 118.120 and NRS 118A.390; breach of the implied covenant of good faith and fair dealing; unjust enrichment; IIED; and NIED. The motion is denied as to the claim for breach of contract.

Plaintiffs are granted leave to amend as to all claims for which the motion is granted *except* for the unjust enrichment claim.

Plaintiffs have **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the

amended complaint will no longer be before the court. Plaintiffs shall clearly title the amended pleading as "FIRST AMENDED COMPLAINT."

Dated: December 2, 2024

_____
Craig S. Denney
United States Magistrate Judge